Tattt.e, J.
 

 We entertain no doubt of the correctness of the opinion expressed by his Honor in the Court below. A plea must be true at the time when it is pleaded, and it cannot avail the parly by becoming so at a subsequent time, but before the trial of the issue. If any matters of defence arise, after the term of the Court, when, according to the regular course of practice, the party must enter his pleas, he must plead it
 
 puis darrein continuance,
 
 not in bar of the action, but to the further prosecution of the suit. Such is clearly the general rule, and the plea of a certificate of bankruptcy forms no exception to it. 1
 
 Strph. N. Pri.
 
 697, 698
 
 Eden on Bankruptcy
 
 426.
 
 *17
 

 Langmead
 
 v.
 
 Beard,
 
 cited in 9 East Rep. 85.
 
 Tower
 
 v.
 
 Cameron,
 
 6 East 413. 2
 
 Chitty's Plead.
 
 427. These authorities relate more particularly to the English law of bankruptcy, but they are equally applicable to the “Act to establish a uniform system of bankruptcy throughout' the United States.” For that act merely declares, in the 4th section, that a discharge and certificate, when duly obtained under it, “shall and may be pleaded, as a full and complete bar to all suits brought in any Court of judicature whatever,” leaving the time and manner of pleading such discharge and certificate to be determined by the rules of pleading, theretofore established. The judgment must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.